UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IZAIHLL J. JACKSON, | §, | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-2987-B (BK) |
| | § | |
| K. ZOOK, | § | |
| Respondent. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. By order dated February 18, 2021, the Court initially accepted the proposed Findings, Conclusions, and Recommendation and issued Judgment dismissing Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. Nos. 10, 11. However, Petitioner filed objections to the Findings, Conclusions, and Recommendation of which the Court was unaware at the time it entered Judgment. Doc. No. 12. Accordingly, the Court now reviews the Magistrate Judge's Findings, Conclusions, and Recommendation *de novo* in light of Petitioner's objections.

Essentially, as he has throughout these proceedings, Petitioner, who is currently housed at FCI Seagoville, maintains that there was insufficient evidence to support the Discipline Hearing Officer's (DHO) finding that he committed the infraction of possession of a hazardous tool (a cellular phone), which resulted in the loss of good time credit. The Magistrate Judge, however, concluded that at least some evidence supported the DHO's finding that Petitioner illicitly possessed a cellular phone, which is all that is required to uphold an institution's disciplinary actions like those at issue here. *See Superintendent Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454-56 (1983);

1

*see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citation omitted) (court should consider whether disciplinary action is "supported by 'some facts' 'whether any evidence at all' supports the action taken by prison officials"). Here, the Magistrate Judge concluded that such evidence existed in the form of the written reports of a FCI Big Spring employee (incident report and memorandum) detailing his discovery of a cellular telephone under a pillow on Petitioner's assigned bunk, a photograph of the telephone that the employee discovered, a chain-of-custody log for the telephone, and an electronic record confirming that at the time of the infraction, Petitioner was assigned to the bunk where the telephone was found.

Petitioner objects to the Magistrate's recommendation, arguing essentially that other inmates also had access to his bunkbed because he was housed in an open and shared "dayroom." Doc. 12 at 1. He specifically maintains that this open-style housing unit provided a "possibility of over 100 suspects all having unencumbered access to this placement." *Id.* Petitioner further objects to the Magistrate Judge's reliance on *Pruitt v. Martin*, 582 F.App'x. 319, 320 (5th Cir. 2014) and *Flannagan v. Tamez*, 368 F.App'x. 586, 588 (5th Cir. 2010), arguing that these cases apply to those in "higher-security, cell-exclusive settings which may not be reasonably compared to a camp, dorm-style, open-access, free-for-all setting where contraband may be more easily encumbered upon another unsuspecting resident…" *Id.* Accordingly, Petitioner suggests that "reasonable doubt" exists that is sufficient to allow this Court to overturn the institution's disciplinary action. *Id.* The Court disagrees.

In *Flannagan*, the inmate—who, contrary to Petitioner's insistence here, was housed in a low security facility—was found to be in possession of a cell phone and charger located in a concealed hole in the wall next to a bed assigned to him and another inmate. *Flannagan*, 368 F.App'x. at 587.

2

And although five other inmates had access to the area where the phone was found, the court found that some evidence existed that he had constructive possession of the contraband. *Id.* at 588. In so holding, the court distinguished *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), in which it held that contraband found in an area where the inmate worked, and to which approximately 100 other inmates had access, did not support constructive possession of contraband. As the court in *Flannagan* emphasized, the key fact in *Broussard* that precluded a finding of constructive possession was the fact that the contraband was found in an area where the inmate worked–not his living space. *Flannagan*, 368 F. App'x. at 588, n. 6.

So too in *Pruitt* where a cell phone was found under the inmate's pillow in a common area that the inmate shared with 63 other inmates. Because the inmate had "greater dominion and control over his own bed" and "was personally responsible, under prison rules, for keeping his bed free of contraband," there was at least some evidence to support the charge that he improperly possessed a cellular phone. *Pruitt*, 582 F. App'x. at 320; *see also Rodriguez v. Lindsay*, No. 09-CV-2915, 2011 WL 2601448 (E.D.N.Y. June 30, 2011) (upholding prison disciplinary conviction where a weapon was found under the petitioner's mattress in a dormitory he shared with 119 other inmates); *Waters v. Vasquez*, No. Civ.A. CV206-274, 2007 WL 473024, at *1 (S.D. Ga. Feb. 8, 2007) ("While Petitioner's housing unit may have been populated by many other inmates living in an 'open dormitory style,' the contraband was found in Petitioner's cubicle, under the mattress of Petitioner's bunk. This location is distinguishable from a prison's kitchen, as it is clearly an area over which the inmate exercises greater dominion and control.").

Here, as in *Pruitt* and *Flannagan*, the cellular phone was found in an area over which Petitioner had greater control than other inmates and for which he was responsible pursuant to

3

prison regulations. Thus, at least some evidence existed to support the charge against him. Therefore, the Court **OVERRULES** Petitioner's Objections and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

    **SO ORDERED.**

    **DATED: February 26, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE